**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 07 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CODY STEELE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1301-CR-14 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49F15-1210-FD-72129

**August 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Cody Steele ("Steele") challenges his two-year sentence for Escape, as a Class D felony,[1] which was enhanced by one and one-half years due to his status as a habitual offender. He presents the sole issue of whether his sentence is inappropriate. We affirm.

**Facts and Procedural History**

On June 7, 2012, following a conviction for Child Molesting, Steele was placed on home detention electronic monitoring. During the early morning hours of July 27, 2012, Steele's community corrections case manager received several alerts indicating that Steele was out of his appropriate range. Steele did not have permission to leave his residence at that time.

At approximately 4:30 a.m., Indianapolis Metropolitan Police Officer John Cohan located Steele. Steele and his wife were in a vehicle traveling on South Leeds Avenue in Indianapolis. When detained, Steele was found to be wearing a GPS ankle device. He was arrested and, during a recorded jail conversation, admitted that he had left his residence because he was drunk and high on crack cocaine.

A jury found Steele guilty of Escape; he admitted to being a habitual offender. The trial court sentenced Steele to two years incarceration for his Escape conviction. That sentence was enhanced by one and one-half years, to be served on work release, because of his habitual offender status. Steele now appeals.

---

[1] Ind. Code § 35-44.1-3-4(b).

2

**Discussion and Decision**

A person who commits a Class D felony has a sentencing range of between six months and three years with the advisory sentence being one and one-half years. I.C. § 35-50-2-7. Steele was subject to a habitual offender enhancement of one and one-half years to four and one-half years. See I.C. § 35-50-2-8. Steele received a two-year sentence for Escape and the minimal one and one-half year enhancement.

In imposing this sentence, the trial court found two aggravators: Steele's criminal history (consisting of three felony and eight misdemeanor convictions) and his failure to "do well" with lesser restrictions. (Tr. 130). The trial court found in mitigation that Steele was remorseful, he had admitted his status as a habitual offender, his incarceration would cause hardship to his child, and he had completed inmate programs.

Steele claims that his sentence is inappropriate and asks that we revise the sentence to a three-year aggregate sentence. Steele received the minimal enhancement of one and one-half years and thus essentially requests a revision of his two-year sentence to the minimal one and one-half year sentence that may be imposed for a Class D felony.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise

sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

Affirmed.

MAY, J., and BRADFORD, J., concur.